UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

DARA M. GRIMES                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )         2:13-cv-00036
GARY COMMUNITY SCHOOL CORPORATION,      )
CITY OF GARY, D. GOSHAY AND             )
A. BRADSHAW                             )
                                        )
        Defendants.                     )

## OPINION AND ORDER

This matter is before me on defendants A. Bradshaw's and D. Goshay's Motion to Set Aside Clerk's Entry of Default. Officers Bradshaw and Goshay didn't respond to the complaint and no attorneys entered appearances on their behalf because Bradshaw and Goshay, or the attorney for their employer (ultimately also their attorney), believed that service on them was not properly made. While they were wrong about that, there is nonetheless good cause to set aside the clerk's entry of default: the Officers appear to have potentially meritorious defenses, they did not willfully or carelessly ignore what they believed to be valid service of process, they acted promptly after the clerk entered default and have participated diligently in the litigation since then, and the case is ongoing against other defendants so there is no efficiency benefit to maintaining the entry of default against Bradshaw and Goshay. Therefore the Motion to Set Aside Clerk's Entry of Default is **GRANTED**.

## BACKGROUND

Dara Grimes filed her complaint against defendants Gary Community School Corporation ("GCSC"), the City of Gary, and Officers A. Bradshaw and D. Goshay on January

22, 2013. (I will refer to the latter two defendants, the only ones relevant to this Order, by their names or as "the Officers.") The complaint seeks to recover compensatory and punitive damages for alleged violations of Grimes's constitutional and civil rights by the defendants on January 21, 2011. An amended complaint was filed on February 28, 2013. (DE 7.) GCSC and Gary answered the complaints, but Officers Bradshaw and Goshay initially didn't. On April 25, 2013 Grimes filed an Affidavit of Service of Summons of the Complaint and Amended Complaint on Defendants. (Docket Entry 12.) The Affidavit indicated the following service: on both Defendants by USPS certified mail with return receipt signed for by the Office of the Chief of Police, Gary Police Department on January 29, 2013; on Bradshaw by USPS certified mail with return receipt signed for at Bradshaw's employment location, Lew Wallace H.S. on April 12, 2013; on Bradshaw by USPS certified mail with return receipt signed for by Bradshaw's employer as School Security Officer, Gary Community School Corporation, on April 12, 2013; on Goshay by USPS certified mail with return receipt signed for at Goshay's employer, the Gary Police Department, on April 15, 2013; and on Goshay by USPS certified mail with return receipt signed for by Goshay's employer at the Gary Community School Corporation on April 12, 2013.

Shortly after the preliminary pretrial conference, at which the Officers were not represented, Grimes moved for a Clerk's Entry of Default against Bradshaw and Goshay pursuant to Fed. R. Civ. P. 55(a). (DE 21, 22.) The Clerk entered default against the Officers the same day, November 8, 2013. (DE 23, 24.) On November 14, 2013 an attorney for Bradshaw and Goshay filed a Notice of Appearance in this matter (DE 25), and the same day filed both an Answer to the Amended Complaint (DE 26) and a Motion to Set Aside Clerk's Entry of Default. (DE 27.) Grimes received an extension and eventually responded to the motion. (DE 30.) No

2

reply was filed. Grimes has also filed a separate motion asking me to deny the motion to set aside default (DE 31), and Bradshaw and Goshay moved to strike Grimes's motion as redundant. (DE 32.) Due to the delay in briefing, the issue of default slipped through without a prompt Order by the Court, but discovery has proceeded apace nonetheless, and the case is on track for timely disposition.

## DISCUSSION

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "[f]or good cause shown the court may set aside an entry of default . . . ." "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, while the application of the test for relief under Rule 60(b) is "much more limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (citation omitted); *see also* see also *Davis v. Hutchins*, 321 F.3d 641, 646 n.2 (7th Cir.2003); *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). In the Seventh Circuit, "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (internal quotation marks and citations omitted). Disposition on the merits is preferable to default. *Id.* at 631.

In their motion, Bradshaw and Goshay argue that they were not properly served with the summons and complaint, because they were served at places of business. (DE 27 at ¶¶ 1, 3.)

3

Bradshaw and Goshay have shown that they have several potentially meritorious defenses, as evidenced by their answer to the amended complaint which, when read in conjunction with their motion, provides more than a conclusory statement of non-liability. (*See* DE 26.) They have also shown that they acted quickly to correct the situation, responding to the Clerk's immediate entry of default within six calendar days. Since then, they have also participated diligently in the litigation.

Bradshaw and Goshay contend that they didn't answer the complaint or have an attorney enter an appearance for them because service was improper, since Grimes had them served at their places of employment, outside the permitted means of service described in Fed. R. Civ. P. 4(e)(2). I disagree. Fed. R. Civ. P. 4(e), in relevant part, allows for service of summons as permitted under state law governing service in the state where the district court is located. In Indiana an individual may be served by sending a copy, with a return receipt, to the individual's residence, ***place of business or employment*** with a return receipt showing receipt of the documents. Ind. R. Trial P. 4.1(A)(1). There is no dispute over whether Grimes mailed the summons and complaint to Bradshaw and Goshay at their respective places of employment; she did. She sent it to the central office of their employer as well as their actual sites of employment. The service was received by someone at each facility, and in accordance with Indiana Rule 4.1 acknowledgment of receipt of service was sent to Grimes by the Postal Service. Therefore, service of process was proper under Indiana procedures. *See Claus v. Mize*, 317 F.3d 725, 727-28 (7th Cir. 2003).

Although service was proper, I still find there is good cause to set aside the entry of default because the record does not reflect a willful disregard of the lawsuit. *Cracco*, 559 F.3d at

4

631. Attorney Coleman mistakenly believed that, due to improper service under the Federal Rules, the Court had not acquired jurisdiction over Bradshaw and Goshay so there was no need to answer on their behalf. Additionally, even though service was received at Bradshaw and Goshay's places of employment, the record does not show that it was ever forwarded to Bradshaw and Goshay. The Officers may not have known that they had been sued individually, since their employer's attorney was handling the case for GCSC and may have received all of the case-related documents.

Furthermore, allowing this case to proceed on the merits does not unfairly prejudice any party. Bradshaw and Goshay have now submitted an answer to the amended complaint and discovery is proceeding against all of the defendants. There is also likely to be significant overlap of issues and discovery between the Officers and the other defendants, so it makes sense to allow the Officers to proceed to disposition with the other defendants. Disposition on the merits is preferable to disposition by default. This case involves questions of fact that should be answered at trial, not avoided through the default process. Accordingly, I find that there is good cause to set aside the clerk's entry of default.

The delay in an order on the motion to set aside default may account for Grimes's redundant motion for an order denying the request to set aside default. In any event, Rule 12(f) of the Federal Rules of Civil Procedure allows the court, on its own or on motion of a party, to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Defendants Bradshaw and Goshay, by motion, have requested that I strike the Plaintiff's Motion (DE 31) because it is redundant. I agree. I have ruled on the matter so there is no need to rule on it again. The defendant's motion to strike is **GRANTED**. (DE 32.) The clerk

is ordered to strike Grimes's Motion for an Order Denying Defendants' Goshay's and Bradshaw's Motion to Set Aside Clerk's Entry of Default by Clerk. (DE 31.)

## CONCLUSION

I find that there is good cause to set aside the Clerk's entry of default. Therefore I **GRANT** the Motion to Set Aside Clerk's Entry of Default against defendants A. Bradshaw and D. Goshay. (DE 27.) Because the Plaintiff's Motion for Order Denying Motion to Set Aside Entry of Default by Clerk (DE 31) is redundant, the motion to strike it (DE 32) is **GRANTED** and the Court **STRIKES** DE 31.

**SO ORDERED.**

**ENTERED:** May 7, 2014

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**