IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DARA M. GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-cv-36 |
| | ) | |
| GARY COMMUNITY SCHOOL CORP., | ) | |
| CITY OF GARY, D. GOSHAY, and | ) | |
| A. BRADSHAW, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion for Order to Compel Discovery Response From Defendant Gary Community School Corporation [DE 34 and re-filed as DE 35] and the Motion to Compel Discovery Response From Defendant City of Gary [DE 36] filed by the plaintiff, Dara M. Grimes, on April 15, 2014.

Because the motion filed as DE 35 is identical to DE 34 except that it does not include the attached exhibits, the court **STRIKES** DE 35.

After Grimes filed her motion to compel, Gary Community School Corporation served its response to the discovery request at issue. For this reason, the Motion for Order to Compel Discovery Response From Defendant Gary Community School Corporation [DE 34] is **DENIED AS MOOT**.

In her reply brief, Grimes asks the court to award sanctions against Gary Community School Corporation for its delay in responding to the discovery request. However, Grimes did not request sanctions in her original motion and cannot request them for the first time in her reply. Additionally, the court does not find that the short delay was the type of bad faith conduct

deserving of sanctions.  This is particularly true because Gary Community School Corporation had advised Grimes that a short extension would be necessary.  Moreover, Grimes had requested an award of attorney's fees in the amount accrued preparing the motion to compel.  Grimes' motion to compel and its supporting memorandum were one page each, and the costs incurred as a result of the short delay were minimal at best.

Grimes also moved to compel the defendant City of Gary to respond to a discovery request.  The discovery request served on the City of Gary was identical to that served on the Gary Community School Corporation.  Both sought:

> A complete affidavit with a copy of any and all employee and personnel records, including but not limited to, memoranda, rate of pay, applications, job descriptions, references, training completed, awards, reprimands, attendance, sick leave, doctor notes, insurance records, benefits and Worker's Compensation records, performance reviews, letters correspondence, payroll and W-2 forms.

Pertaining to: Defendant D. Goshay

Goshay was employed as a full-time police officer with the City of Gary and by the Gary Community School Corporation as a security police officer.  Although the Gary Community School System responded to Grimes' Motion to Compel Discovery Response From Defendant City of Gary [DE 36], the City of Gary did not file a response to the motion to compel, and the record is not clear that the City of Gary ever responded to the discovery request.  For this reason, the court **GRANTS** Grimes' Motion to Compel Discovery Response From Defendant City of Gary [DE 36] and **DIRECTS** the City of Gary to provide a response within 14 days.

ENTERED this 18th day of July, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge