UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARA M. GRIMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:13-cv-36 |
| | ) |
| GARY COMMUNITY SCHOOL CORP., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the court on the Verified Motion for Sanctions for Failure to Comply with Court Discovery Order [DE 45] filed by the plaintiff, Dara M. Grimes, on August 15, 2014. For the following reasons, **IT IS RECOMMENDED** that the Motion be **GRANTED**, and that a default be entered against the defendant, City of Gary.

*Background*

On April 15, 2014, Grimes filed a Verified Motion for Order to Compel Discovery Response from Defendant City of Gary Indiana [DE 36], which requested this court to compel the defendant, City of Gary, Indiana, to respond to Grimes' request for production served on February 4, 2014. The February 4, 2014 request for production requested the City of Gary to complete an affidavit pertaining to one of its employees, defendant, D. Goshay. On July 18, 2014, this court granted Grimes' Motion for Order to Compel Discovery Response from Defendant City of Gary Indiana [DE 36].

In its July 18, 2014 order, this court found that the City of Gary did not respond to Grimes' motion to compel and that the record was not clear whether the City of Gary ever responded to the discovery request. Additionally, this court directed the City of Gary to provide

a response within 14 days of the July 18, 2014 order. Therefore, the City of Gary had until August 1, 2014 to respond to the discovery request to comply with this court's July 18, 2014 order. Since July 18, 2014, the City of Gary has not produced the requested documents, requested an extension of time to produce the documents, or filed an objection to the request for production.

On August 22, 2014, DeKeyu Sumner, counsel for the City of Gary, filed a Motion for Leave to Withdraw Appearance [DE 46]. On August 27, 2014, this court granted the Motion for Leave to Withdraw Appearance [DE 46], which left the City of Gary *pro se*. On October 24, 2014, this court entered an order that advised the City of Gary that it could not proceed *pro se*. Additionally, the October 24, 2014 order afforded the City of Gary until November 14, 2014 to obtain an attorney and to file a response to Grimes' Motion for Sanctions [DE 45]. Furthermore, this court indicated that "[i]f the City of Gary fails to obtain an attorney, it risks having a default judgment entered against it."

On November 3, 2014, this court's October 24, 2014 order was returned undeliverable from the City of Gary. Grimes had provided an incorrect address for the City of Gary. On November 5, 2014, Grimes filed a Verified Notice that provided the correct address, and the Clerk then mailed the October 24, 2014 order to the updated address on November 6, 2014.

On December 1, 2014, Attorney Gregory L. Thomas entered an appearance on behalf of the City of Gary and filed a response to Grimes' Motion for Sanctions [DE 45]. Attorney Thomas mailed his appearance and the response on November 24, 2014. Attorney Thomas indicated he did not file his appearance and the response electronically because he "was not aware of the specific admission requirement for the United States District Court Northern

District of Indiana Hammond Division and he [wa]s in the process of completing the application process to be admitted in this court."

After Attorney Thomas entered his appearance, the court discovered that he was suspended from the practice of law before the United States District Court for the Northern District of Indiana under Cause No. 2:14-mc-62 on September 22, 2014.  On December 9, 2014, this court entered an Order to Show Cause that required Attorney Thomas to "inform this court on or before December 23, 2014, in writing, as to whether he was suspended from the practice of law before this court when he filed his appearance in this matter . . . ."  On December 11, 2014, Chief Judge Philip P. Simon reinstated Attorney Thomas before the Northern District of Indiana.  However, Attorney Thomas failed to respond to this court's Order to Show Cause.

*Discussion*

In her Motion for Sanctions for Failure to Comply with Court Discovery Order [DE 45], Grimes requested this court to impose sanctions proportionate to the circumstances.  Federal Rule of Civil Procedure 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

> (2) Sanctions in the District Where the Action Is Pending.
>     (A) For Not Obeying a Discovery Order.  If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
>         (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>         (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>         (iii) striking pleadings in whole or in part;
>         (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and achieve orderly disposition. *See* **Chambers v. NASCO, Inc.**, 501 U.S. 32, 44, 47, 111 S. Ct. 2123, 2132, 2134, 115 L. Ed. 2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party); **Barnhill v. United States**, 11 F.2d 1360, 1367 (7th Cir. 1993).

The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." **Rice v. City of Chicago**, 333 F.3d 780, 784 (7th Cir. 2003) (citing *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). The court commits a legal error if it dismisses a suit after the first problem without exploring alternatives or explaining why alternative sanctions would not be worthwhile. **Sroga v. Huberman**, 722 F.3d 980, 982 (7th Cir. 2013). The sanctions must be proportional to the party's misconduct. **Collins v. Illinois**, 554 F.3d 693, 696–98 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. **Barnhill**, 11 F.3d at 1368.

Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. **Domanus v. Lewicki**, 742 F.3d 290, 301 (7th Cir. 2014); **Sun v. Bd. of Trs. of the Univ. of Ill.**, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well-established policy of favoring trial on the merits over default judgments); **Maynard v. Nygren**, 332 F.3d 462, 467–68 (7th Cir. 2003); **Danis v. USN Commc'ns, Inc.**, 2000 WL 1694325, at *33–*34 (N.D.

Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party.") (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith, or fault by the noncomplying party)). When considering whether to employ this sanction, the court must "weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled over the course of the lawsuit." *Domanus*, 742 F.3d at 301. The court first must consider whether less severe sanctions will remedy the damage. *Marrocco v. General Motors*, 966 F.2d 220, 223–24 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or the failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. *Domanus*, 742 F.3d at 301; *Maynard*, 332 F.3d at 468–69; *Large v. Mobile Tool Int'l, Inc.*, 2008 WL 2116967, at *7 (N.D. Ind. May 20, 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement—a finding of willfulness, bad faith or fault—comes into play when dismissals are used specifically as a discovery sanction under Fed.R.Civ.P. 37." *Maynard*, 332 F.3d at 467–68 (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the

5

court)). "That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." *Maynard*, 332 F.3d at 468; *see* **Melendez v. Ill. Bell Co.**, 79 F.3d 661, 671 (7th Cir. 1996) ("Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant.").

Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Marrocco*, 966 F.2d at 224; *see* *Maynard*, 332 F.3d at 470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses). Similarly, fault does not mean the party's subjective motivation, but rather "the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Marrocco*, 966 F.2d at 224; *Langley*, 107 F.3d at 514 (citing *Marrocco*, 966 F.2d at 224). The Seventh Circuit requires clear and convincing evidence of the discovery abuse to justify a default judgment because of the harsh nature of the penalty and the court's policy of favoring trial on the merits. *Maynard*, 332 F.3d at 468 ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."); **Larson v. Bank One Corp.**, 2005 WL 4652509, at *9 (N.D. Ill. Aug. 18, 2005) (explaining that a default judgment requires clear and convincing evidence of the sanctionable conduct, although an issue-related sanction requires only a preponderance of the evidence).

The City of Gary has failed to comply with multiple court orders or to respond to multiple motions. On April 15, 2014, Grimes filed a motion to compel that requested this court to compel the City of Gary to respond to a February 4, 2014 request for production. The City of

6

Gary failed to respond to that motion. This court granted the motion to compel on July 18, 2014 and ordered the City of Gary to respond within 14 days. Over five months later, the City of Gary still has not complied with that order.

On August 15, 2014, Grimes filed this motion for sanctions for the City of Gary's failure to comply with the July 18, 2014 order. The City of Gary failed to respond timely to this motion. On August 22, 2014, DeKeyu Sumner, counsel for the City of Gary, requested the court to withdraw her appearance, which this court granted on August 27, 2014. That order left the City of Gary *pro se*.

Although the City of Gary had failed to comply with this court's order of July 18, 2014 for over three months, this court afforded the City of Gary another opportunity to comply before ruling on the present motion for sanctions. On October 24, 2014, this court advised the City of Gary that it could not proceed *pro se* and afforded the City of Gary until November 14, 2014 to obtain an attorney and respond to the present motion for sanctions. Additionally, this court warned the City of Gary that it risked a default judgment if it failed to obtain an attorney by the deadline. Although the City of Gary received the order later, it still had time to comply with the order by retaining an attorney and responding to the motion for sanctions by November 14, 2014.

On December 1, 2014, 17 days after the deadline, Attorney Gregory L. Thomas entered an appearance for the City of Gary and responded to the motion for sanctions. Attorney Thomas mailed his appearance and the response on November 24, 2014, but they were not filed until December 1, 2014 when the Clerk received them.

In its response, the City of Gary cited a communication breakdown between Attorney Thomas and Attorney Sumner, before her resignation, for its failure to provide discovery. However, the court did not grant Attorney Sumner's motion to withdraw until August 27, 2014,

7

40 days after this court's order compelling the City of Gary to provide discovery and 26 days after the deadline to comply with the July 18, 2014 order. Therefore, any potential communication breakdown between Attorney Sumner and Attorney Thomas does not account for the 40 days the City of Gary had to comply with this court's order before Attorney Sumner's withdrawal.

Additionally, the City of Gary indicated it would coordinate with Grimes and its co-defendants to assure a prompt discovery response to comply with the July 18, 2014 order. Thus, the City of Gary responded that it had still failed to comply with this court's order but asked the court to trust that it would comply despite its failure to comply for over five months. Also in its response, the City of Gary cited that it did not receive this court's order of October 24, 2014 for its failure to timely obtain an attorney and respond to the motion for sanctions.

Although it is not clear when the City of Gary received this court's order of October 24, 2014, the order was mailed on Thursday, November 6, 2014 to the correct address. Therefore, the City of Gary likely had three to four days before the November 14, 2014 deadline to submit a response and have an attorney enter an appearance. However, Attorney Thomas did not mail his appearance and response until November 24, 2014, and they were not filed until December 1, 2014. In addition to not complying with the deadline for this court's October 24, 2014 order, the City of Gary had an attorney suspended from the practice of law before this court enter an appearance on its behalf. Attorney Thomas was suspended from this court on September 22, 2014 and reinstated on December 11, 2014. Thus, he was suspended at the time he entered his appearance on behalf of the City of Gary. Therefore, the City of Gary failed to retain an attorney authorized to practice law before this court as required by this court's order of October 24, 2014.

The City of Gary's failure to comply with this court's orders of July 18, 2014 and October 24, 2014 constitutes bad faith and is grounds for a default judgment. *See* **Maynard**, 332 F.3d at 470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses); **Maynard**, 332 F.3d at 468 ("That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate."). In this case, lesser sanctions are inappropriate because the City of Gary has disregarded multiple courts orders, failed to participate in this suit, and did not obtain an attorney authorized to practice law before this court, even after this court warned of a possible default judgment if it failed to obtain an attorney. Therefore, this court finds that a default is the appropriate sanction for the City of Gary's bad faith.

In addition to sanctioning the City of Gary, this court recommends sanctions against Attorney Thomas directly. "Judges have inherent authority to impose sanctions for misconduct by litigants, their lawyers, witnesses, and others who participate in a lawsuit over which the judge is presiding." ***S.E.C. v. First Choice Management Services, Inc.***, 678 F.3d 538, 543 (7th Cir. 2012). As discussed above, Attorney Thomas entered his appearance in this matter despite his suspension from practicing law before this court. Additionally, Attorney Thomas was not forthright about his suspension. Attorney Thomas indicated that he could not file his appearance and the City of Gary's response electronically because he "was not aware of the specific admission requirement for the United States District Court Northern District of Indiana Hammond Division and he [wa]s in the process of completing the application process to be admitted in this court." He did not inform the court that he was suspended from practicing

9

before this court but rather insinuated that he never had been admitted to this court and was in the process of completing an application.

After discovering that Attorney Thomas was suspended, the court gave him an opportunity to explain the situation when it entered an order to show cause on December 9, 2014. In the order to show cause, this court ordered Attorney Thomas to respond in writing by December 23, 2014 as to whether he was suspended from practicing law before this court when he entered his appearance in this matter. However, he failed to respond and has provided no explanation for entering his appearance in this matter despite his suspension. Attorney Thomas violated this court's order of December 9, 2014 and falsely informed this court that he was applying to practice law before this court rather than attempting to gain reinstatement after he was suspended. Therefore, this court recommends that the District Court sanction Attorney Thomas with a fine in the amount of $500.

For these reasons, **IT IS RECOMMENDED** that the Verified Motion for Sanctions for Failure to Comply with Court Discovery Order [DE 45] filed by the plaintiff, Dara M. Grimes, on August 15, 2014, be **GRANTED**, and that a default be entered against the City of Gary. It is further **RECOMMENDED** that sanctions in the amount of $500 be imposed against Attorney Gregory L. Thomas.

Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Inc.***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Sys. Corp.***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v.***

*Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 5th day of January, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge