UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| DARA M. GRIMES, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2:13-cv-00036-PPS-APR |
| GARY COMMUNITY SCHOOL | ) | |
| CORPORATION, | ) | |
| CITY OF GARY, D. GOSHAY AND | ) | |
| A. BRADSHAW, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Dara Grimes is a social worker, and back in 2011 one of her clients was a student who had a disability. The student was facing expulsion from school, and Grimes happened to be present when the news of his expulsion was being delivered. She attempted to intervene on the student's behalf, and one thing led to another and she was arrested. The two officers who arrested Grimes were allegedly employed at the time of Grimes's arrest by both the Gary Schools and the City of Gary. In this § 1983 case brought against the arresting officers, Gary Schools, and the City of Gary, Grimes claims that she was wrongfully arrested in violation of her constitutional rights.

Attorneys for the Gary Schools have participated in the case on behalf of the officers and the Gary Schools. But regrettably, the City of Gary's participation has been much more tenuous. Indeed, they have repeatedly ignored discovery requests and court orders and have otherwise continually failed to participate in this case. Magistrate

Judge Rodovich decided that enough was enough and recommended to me that the City of Gary be defaulted based on a motion for sanctions filed by Grimes. (DE 45.) For the reasons outlined below, I will adopt in part Magistrate Judge Rodovich's Report and Recommendations (DE 60) and will direct the Clerk of Court to enter a default against Gary. At a hearing on April 7, 2015, I declined to adopt the Recommendation of sanctions against Gary's attorney Gregory Thomas personally. (DE 75.)

Judge Rodovich's Recommendations summarize the relevant facts thoroughly. In short, Grimes made discovery requests of Gary in February 2014. Gary didn't provide the discovery so Grimes moved to compel responses in April 2014, and the court granted that motion to compel in July 2014. The Order granting the motion to compel (DE 42) ordered a response to Grimes's request for an affidavit and employee records for Defendant Goshay (one of the two officers involved in Grimes's arrest). Gary didn't comply with the order granting the motion to compel, and Grimes moved for sanctions in August 2014. (DE 45.) The lawyer handling the case for Gary up to this point moved to withdraw and that was granted (DE 47), leaving the City unrepresented. Several months went by before another lawyer, Mr. Thomas, appeared on behalf of the City. So the motion for sanctions was finally responded to by the City in December 2014. In that response, the City argued that its lackadaisical approach to discovery resulted from its rotating attorneys and a "communication breakdown," and saying that Gary would provide "prompt and complete discovery responses" going forward. (DE 54 at 7.) Judge Rodovich found Gary's excuses wanting and recommended in January 2015 that default

be entered against Gary and that its attorney be sanctioned personally. (DE 60, recommending that DE 45 be granted.)

I scheduled a hearing to talk to the parties and figure out what was actually going on, and due to various scheduling conflicts that hearing was continued multiple times. At the April 7, 2015, hearing I ordered Gary to provide the discovery that was the subject of the motion to compel by April 17, 2015. On April 28, 2015, Grimes filed a reply on her motion for sanctions, and in the same document (titled in a second header on the first page) filed a "Motion to Compel Production Pursuant to Court Order Entered April 7 2015." (DE 79.) Grimes's filing states that Gary sent a response to requests for production, but had *still not* responded to the request for personnel records that was the subject of the order on the motion to compel. (DE 79 at 4.) Gary hasn't even bother to respond to the new motion to compel, which sought to compel a discovery response that had already been specifically ordered *twice* by the court, and that was the subject of the motion for sanctions.

Judge Rodovich's Report and Recommendations explains at length the basis for court-ordered sanctions in general, and for the sanction of default against Gary in this case in particular. I'll briefly outline that reasoning. The Court may sanction a party for disobeying a discovery order, and sanctions may include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Barnhill v. United States*, 11 F.3d 1360, 1367-68 (7th Cir. 1993). I fully recognize that entering a default as a sanction is drastic, and isn't done

3

lightly. It is reserved for extreme situations "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proved unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003); *see also*, *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014). The Court must carefully analyze the situation to apply sanctions proportionate to the misconduct, and should consider "the frequency and magnitude of the party's failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the" party's position. *Rice*, 333 F.3d at 784 (citation, quotation marks, brackets omitted).

As the background I've described and Judge Rodovich's detailed timeline show, Gary has been granted one chance after another, has promised the Court that it would comply, then has utterly failed to do what it promised and what it was ordered to do. The discovery demands have not been onerous or complicated, and the deadlines have not been tight. This is a very straightforward case involving the events of a single afternoon between two officers and one plaintiff. Yet because Gary has refused to propound or respond to discovery the case has dragged on for two-and-a-half years. In all that time, fact development seems to have gotten almost nowhere, and precisely nowhere as far as Gary's participation goes. The bottom line is this: Gary has failed to comply with nearly every court order in this case. The Court has had to spend time reviewing briefing on motions to compel, holding hearings on discovery issues, considering and granting discovery extensions, and researching and drafting special

Orders aimed at Gary's recalcitrance. Plaintiff Grimes filed her case and deserves to get her day in court in a timely fashion, so she is prejudiced. I don't think anybody really has any idea of the merits of Gary's position because Gary won't participate in the case or gather or share any information about its position, so that factor is moot.

Although the amount of damages remains to be determined, I find that entry of default against Gary is proper. The default here is not the result of a mere technicality, but the result of a repeated, long-term refusal to participate in the case in a meaningful way that at this point must be described as willful. A defendant cannot be allowed to completely ignore a lawsuit against it and, for practical purposes, that is what Gary has done and continues to do to this day. Gary's attorneys have participated in court hearings and opposed sanctions (notably when the sanctions recommendation included the possibility of sanctions against the attorney personally). Gary finally provided some discovery in April 2015, long after discovery had closed even after extension. But Gary has still not responded to a discovery request made about 16 months ago that has been the subject of various motions, orders and hearings. The discovery Gary finally provided was incomplete and did not address the discovery that I specifically ordered Gary to produce within 10 days of the in-person hearing. Precisely why Gary didn't comply with my order is unknown; as mentioned, Gary did not bother to respond to a new motion to compel the production of that material.

"While the entry of a default judgment should be used sparingly, [the Seventh Circuit sees] no need to impose a requirement that prevents a district court from

5

imposing that sanction if, under the circumstances, it is warranted. The Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves. A district court is not required to fire a warning shot . . . ." *United States v. Di Mucci*, 879 F.2d 1488, 1493 (7th Cir. 1989) (quoting *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138-39 (7th Cir. 1987)). "A trial court is entitled to say, under proper circumstances, that enough is enough." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir.1989) (internal citation omitted). Gary has had the benefit of warning shots (including a detailed Report and Recommendation filed five months ago recommending default) and to this day it has failed to comply with court orders dating back as far as 10 months ago.

For the foregoing reasons I therefore **ADOPT THE RECOMMENDATION THAT DEFAULT BE ENTERED AGAINST DEFENDANT CITY OF GARY, thereby granting in part the motion for sanctions**. **(Adopting in part DE 60, granting in part DE 45.)**

One issue remains pending. As I stated at the April 7 hearing, I also allowed a limited reopening of discovery so that I could then order the parties to arrange to depose Plaintiff Grimes *before* the settlement conference that I directed Judge Rodovich to hold. Gary Schools noticed Grimes's deposition, and the subpoena also requested extensive documentation. (DE 80-1.) Grimes opposed the document requests, so on May 5, 2015, filed a motion to quash them. (DE 80.) No response was ever filed by any defendant, and it is unclear from the record whether the deposition has been taken, or

whether it was taken before the settlement conference as I ordered. In any event, no opposition was filed by the City of Gary or the Gary Schools to the motion to quash, which is yet another example of Gary's utter lack of interest in meaningfully defending against this lawsuit. So the motion to quash will be **GRANTED.** (DE 80.)

If it has not already taken place, the parties are **ORDERED to complete Grimes's deposition within 30 days of the entry of this Order.** Due to the fact that discovery closed months ago, no further discovery other than Grimes's deposition will be permitted. This matter is set for an in person status hearing on July 23, 2015, at 10:00 a.m. at which the parties should be prepared to discuss possible dispositive motions and the schedule for trial.

    SO ORDERED.

    ENTERED: June 16, 2015

    /s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**