UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARA M. GRIMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:13-cv-00036-PPS-APR |
| | ) |
| GARY COMMUNITY SCHOOL | ) |
| CORPORATION, | ) |
| CITY OF GARY, D. GOSHAY AND | ) |
| A. BRADSHAW, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

The City of Gary seeks reconsideration of my earlier ruling entering default against it. This case has been plagued by inattentive lawyering on behalf of the defendants. Because this is a motion to reconsider, and there is a long chain of docket filings that recount the minutiae of this case, I won't do it again here. The City of Gary neglected this case, passing it from one lawyer to another and failing to provide discovery that was requested by the plaintiff then ordered by the Court. The failure doesn't appear to have been willful, but neglectful. Eventually I granted default against Gary because it appeared that Gary had refused to comply with a discovery order several times, and had no intention of complying. Gary has now clarified that it did eventually comply, and that it had done so *before* I granted default – although Gary

didn't bother to notify me of that fact – and so it wants me to reconsider the grant of default.

Very briefly, here's the factual background: Plaintiff Dara Grimes is a social worker, and back in 2011 one of her clients was a student who had a disability. The student was facing expulsion from school, and Grimes was present at the school when the news of his expulsion was being delivered. She attempted to intervene on the student's behalf. One thing led to another, and she was arrested. The two officers who arrested Grimes were allegedly employed at the time of Grimes's arrest by both the Gary Schools and the City of Gary. In this § 1983 case brought against the arresting officers, Gary Schools, and the City of Gary, Grimes claims that she was wrongfully arrested in violation of her constitutional rights.

None of the defendants did much in the way of discovery in this case. Gary Schools participated a bit; Gary not at all. Judge Rodovich's Recommendations thoroughly summarize the relevant facts that led to Gary's default. In short, Grimes made discovery requests of Gary in February 2014. Gary didn't provide the discovery so Grimes moved to compel responses in April 2014, and the court granted that motion to compel in July 2014. The Order granting the motion to compel (DE 42) ordered a response to Grimes's request for an affidavit and employee records for Defendant Goshay (one of the two officers involved in Grimes's arrest). Gary didn't comply with the order granting the motion to compel, and Grimes moved for sanctions in August 2014. (DE 45.) The lawyer handling the case for Gary up to this point moved to withdraw and that was granted (DE 47), leaving the City unrepresented. Several

months went by before another lawyer appeared on behalf of the City. So the motion for sanctions was finally responded to by the City in December 2014. In that response, the City argued that its lackadaisical approach to discovery resulted from its rotating attorneys and a "communication breakdown," and saying that Gary would provide "prompt and complete discovery responses" going forward. (DE 54 at 7.) Judge Rodovich found Gary's excuses wanting and recommended in January 2015 that default be entered against Gary and that its attorney be sanctioned personally. (DE 60, recommending that DE 45 be granted.)

I scheduled a hearing to talk to the parties and figure out what was actually going on, and due to various scheduling conflicts that hearing was continued multiple times. At the April 7, 2015, hearing I ordered Gary to provide the discovery that was the subject of the motion to compel by April 17, 2015. Gary's counsel prepared some discovery materials and arranged their delivery to Grimes around April 16. (DE 85 at 2.) Those materials did not include the personnel records that were the subject of the original motion to compel and all that followed — that request came before Gary's current counsel was on the case. On April 20 Gary filed a notice with the court stating that it had complied with the discovery order. (DE 85 at 3.) The fundamental problem with this is that although Gary did provide discovery, it didn't actually comply with the order because Gary's attorney didn't understand what the order required. On April 28, 2015, Grimes filed a reply on her motion for sanctions. In the same document (titled in a second header on the first page) Grimes brought a "Motion to Compel Production

3

Pursuant to Court Order Entered April 7, 2015." (DE 79.) Grimes's filing states that Gary sent a response to requests for production, but had *still not* responded to the request for personnel records that was the subject of the order on the motion to compel. (DE 79 at 4.) Gary's attorney states in the motion for reconsideration that this was the first he'd heard of personnel records. (DE 85.) Gary then got the personnel records and provided them to Grimes at Grimes's deposition on May 9, 2015. (DE 85 at 4.) Gary didn't file a corresponding notice, nor did it respond to the new motion to compel (although this is a more understandable mistake because Grimes stuck this new motion to compel in a reply on her motion for sanctions). So, not knowing that Gary had finally provided the long-awaited personnel records *nearly a month before*, I adopted Magistrate Judge Rodovich's report and recommendation and entered default against Gary on the basis of its failure to provide the personnel records. (DE 82.) Final judgment against Gary has not been entered.

Gary moved for reconsideration of the entry of default. (DE 85.) (Gary filed its motion on both July 1 and July 2: DE 84 and DE 85 appear to be the same document, with the same title and attachments, but DE 84 was filed a day earlier and has a hyperlink to the order of which the motion seeks reconsideration. I am using the later-filed version of the motion to increase the likelihood that it is the version the attorney filer intended. DE 84 is therefore **STRICKEN** from the record as redundant and filed in error.)

Gary's motion is styled as one which seeks "reconsideration" yet it cites to Federal Rule of Civil Procedure 60(b)(5) as the vehicle by which relief should be granted. But Rule 60(b)(5) governs relief from judgment. What Gary really wants me to do is reconsider my earlier ruling which entered default against it. Such a motion is more properly brought under Federal Rule of Civil Procedure 59(e). (Gary timely filed its motion for reconsideration within the 28 days required by Rule 59(e).) So I will construe Gary's motion as one under Rule 59(e). In all events, Grimes opposes reconsideration. (DE 86.) In addition to addressing the issue of default and the discovery issue that led to it, Grimes attempts to raise additional issues with Gary's discovery responses (unrelated to the motions and orders addressing the failure to respond regarding the personnel file). Default was based on a linear series of events stemming from a particular discovery dispute, and this response is not the proper place to raise additional issues.

As I have previously noted, entering a default as a sanction is drastic, and isn't done lightly. It is reserved for extreme situations "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proved unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003); *see also*, *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014). The Court must carefully analyze the situation to apply sanctions proportionate to the misconduct. *Rice*, 333 F.3d at 784. The Seventh Circuit certainly prefers disposition on the merits to default. *See, e.g.*, *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). I do, as well.

Here, although it doesn't excuse Gary's prior insouciance, I was working with incomplete and inaccurate information when I granted default against Gary. Gary should have informed me that it had finally complied once its current attorney understood what was required, but the much more important fact is that it did comply. I granted default based on the understanding that Gary had failed to produce the personnel records. But as it turns out, this wasn't the case. The personnel records had been produced. This was a manifest error of fact which provides a basis to reconsider under Rule 59(e). *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

To be clear: I am not and have no intention of reopening discovery. Gary made its discovery-devoid bed and will have to lie in it. Dates have been set for summary judgment briefing, the final pretrial conference, and trial, and this order has no impact on those, nor does it signal a willingness to change those. It merely means that Gary may seek a merits determination on summary judgment and at trial, alongside Grimes, Gary Schools, and the individual defendants.

There is one more issue that I need to address. This is an issue that I previously raised with Gary's current attorney, Gregory Thomas. At a hearing I asked him if he represented the two individual police officer defendants in addition to representing the City of Gary. He looked very confused and said that he unequivocally did not. The docket agrees with that statement – neither he nor any City of Gary attorney has ever filed an appearance on behalf of either man (they are represented by the same attorney as Gary Schools). I asked Attorney Thomas why, if he doesn't represent them, the *very*

*first sentence* of his filings reads as follows: "Comes now Defendants, City of Gary, D. Goshay and A. Bradshaw by counsel . . . ." Thomas explained at the hearing that he had not written that text, and had borrowed it from filings drafted by previous Gary attorneys assigned to the case. He did not explain why he hadn't read the text he was filing with the district court, or, if he had read it, why he didn't edit it to accurately reflect representation in this case. I made the reasonable request that he review and edit his filings going forward, and that he not purport to represent parties he doesn't represent.

With this back and forth in court as a backdrop, I was stunned to see that in the very first sentence of his current motion, Mr. Thomas again stated that he represents both the City of Gary and the individual officers. Here's what the pleading says: "Comes [*sic*] now Defendants, City of Gary, D. Goshay and A. Bradshaw by counsel, pursuant to FRCP 60(B)(5) and (6) and FRCP 55(C) and files [*sic*] its [*sic*] Motion to Reconsider its [*sic*] Order and in support of said Motion Defendants' [*sic*] state as follows: . . . ." (DE 85 at 1, ¶ 1.) For someone seeking to reassure the Court that this case will run more smoothly going forward, this kind of sloppiness (in the first sentence, with previous warning from the Court) is not acceptable.

\* \* \*

The City of Gary's motion for reconsideration of the imposition of the sanction of default against Gary is **GRANTED**. The grant of default is **VACATED**. All of the

previously-set deadlines remain unchanged, and apply to Gary as they apply to the other defendants.

DE 84 is **STRICKEN** from the record as redundant and filed in error.

**SO ORDERED.**

**ENTERED:** August 19, 2015

/s/ Philip P. Simon  
**PHILIP P. SIMON, CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**